IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MID CONTINENT CASUALTY COMPANY,

    Plaintiff/Counter-Defendant,
v.                                                                                    CASE NO. 1:06-cv-00128-MP-AK

L B KING, d.b.a. KING OIL AND TIRES,

    Defendant/Counter-Plaintiff.
_____/

# O R D E R

This matter is before the Court on Doc. 67, Motion to Compel Discovery, Motion for Leave to Serve Additional Interrogatories, filed by King Oil and Tires.  Mid Continent responded, Doc. 70.  A hearing was held April 24, 2008.  For the reasons which follow, the motion is denied in part and granted in part.  Below, the Court will state each Interrogatory, the answer given, and the Ruling as to the Motion to Compel regarding it.

**Interrogatory No. 6**

    **QUESTION:**

Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter involving a coverage dispute under a Mid-Continent Pollution Liability Policy, and if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

ANSWER:
MCC objects to this interrogatory on the grounds of overbreadth, undue burden, and as being beyond the scope of permissible discovery.

**RULING:**

MCC shall answer the interrogatory but its answer may be limited to only those lawsuits involving the interpretation of the terms of the policy at issue in this case or discharge from underground storage tanks. Such a response is relevant and is not unduly burdensome.

**Interrogatory No. 7:**

**QUESTION:**

Please state the factual basis for your claim in paragraph 9 of your complaint that the "Federal Department of Environmental Protection" closed two UST's at the subject facility. If your reference to a "Federal" Department of Environmental Protection was a typographical error, please state the factual basis for your claim that the Florida Department of Environmental Protection or any other regulatory agency closed two UST's at this facility."

Paragraph 9 of the complaint alleges:

> 9. In 2002, King stopped storing kerosene at this facility. Subsequently, in March 2004, two UST's, which had been closed a year earlier by the Federal Department of Environmental Protection, were removed by a independent entity called Petroleum Aids, Inc. Both UST's were metal tanks which had been installed in 1978 for the storage of kerosene and waste oil.

ANSWER:
Based on current discovery, although King Oil conducted storage tank closure activities regarding two underground storage tanks in 1997, it failed to provide a copy of the closure assessment report to the Florida Department of Environmental Protection, failed to notify the FDEP of the discharge reflected by that report, failed to initiate a timely site assessment of that discharge, failed to submit a site assessment report in a timely manner, and therefore entered into a Short Form Consent Order to resolve the notice of violation from the FDEP.

**RULING:**

The response by MCC states with particularity the factual basis relied upon for its claim

that two USTs were closed. It appears to state that the FDEP sent a notice of violation to King Oil for certain failures to provide reports and notice of discharges. King then apparently entered into a consent order with FDEP to close the two tanks. The motion to compel is denied.

**Interrogatory #16:**

    **QUESTION:**

    Please state the factual basis for your denial of paragraph 11 of King's counterclaim.

    Paragraph 11 of the counterclaim stated:

> 11. By letter dated May 24, 2004, the Department of Environmental Protection demanded that KING begin site assessment activities.

    MCC simply denied the allegation in paragraph 11 without elaboration. In response to the interrogatory #16, MCC gave the following answer:

> ANSWER:
> MCC bases its denial on the fact that the allegations of paragraph 11 do not fully and accurately set forth the DEP's communications with King.

    **RULING:**

    MCC must supplement this response with its contention as to what the communication between DEP and King regarding this issue stated, and how that differs from King's characterization of the communication in Paragraph 11.

**Interrogatories ## 18, 19, 21, 23:**

Each of these interrogatories asks MCC to give a factual basis for its denial of a certain paragraph of the counterclaim.  For example, Interrogatory 18 asks for the factual basis for the denial of Paragraph 22 of the counterclaim, which alleges:

> 22.    The contamination discovered by WAR in March 2004, resulted from a discharge of petroleum products (Regulated Substances) from a Storage Tank System at the facility.  Thus, a Release as defined by the MCC policy occurred.

For each interrogatory, MCC indicated that it denied the allegation because it disagrees that a "Release" as defined by the MCC policy occurred. For example, for Interrogatory 18 MCC responded:

> ANSWER:
> MCC bases its denial on the fact that the allegations of paragraph 22 are factually inaccurate. King, its agents and attorneys have never provided any information showing that there has been a confirmed release from a scheduled storage tank system.

**RULING:**

The answers are adequate because it shows that MCC is denying the allegation based on their belief that there is no evidence supporting a confirmed release.  It does not make sense to ask MCC what its factual basis is for saying there is no factual basis.  The answers to Interrogatories 18,19,21, and 23 adequately convey the basis for the denials of the allegations in the counterclaim.  The motion to compel is denied with regard to those questions.

**Interrogatories ## 28 and 29:**

These interrogatories ask MCC to identify every document upon which MCC relied in denying the allegations in the counterclaim (#28) and which MCC sent to King regarding this claim. MCC claims that this answer would invade work product. The Court disagrees. Both interrogatories ask only for the identity of the document. MCC must provide that. King may then attempt to have each document produced and at that time, MCC can raise work product defenses.

**Interrogatory #31:**

  **QUESTION:**

> 31: Please state the facts upon which you rely for each affirmative defense in your answer and affirmative defenses and identify the employees, agents, officers or representatives or independent contractors employed by you in connection with this claim who have substantive knowledge of these facts.
>
> ANSWER:
> MCC objects to this interrogatory as being a multi part interrogatory which violates the limitation on the number of interrogatories. MCC further objects on the grounds of vagueness, overbreadth, undue burden, and as being in the nature of a fishing expedition.

  **RULING:**

The Court finds that this interrogatory is proper, likely to lead to admissible evidence, and not unduly burdensome. MCC shall respond.

**Interrogatory #35:**

      **QUESTION:**

> 35: Please state the factual basis for each request for admission in King's First Request for Admissions that you fail to admit.
>
> ANSWER:
> MCC objects to this interrogatory as being a multi part interrogatory which violates the limitation on the number of interrogatories. MCC further objects on the grounds of vagueness, overbreadth, undue burden, and as being in the nature of a fishing expedition.

      **RULING:**

The Court finds that this is a proper interrogatory which MCC must answer. However, as stated above, with regard to Interrogatories 18,19, 21 and 23, if MCC failed to admit a request for admission because MCC feels King cannot prove a certain point central to a certain request for admission, no factual basis need be provided beyond that explanation.

For the above reasons, it is hereby

**ORDERED AND ADJUDGED:**

The Motion to Compel (doc. 67) is granted in part and denied in part. The motion to serve additional interrogatories (part of doc. 67) is denied as moot, since the motion seemed to be an alternative remedy if the Court found that Interrogatories 31 and 35 were impermissible multi-part interrogatories.

    **DONE AND ORDERED** this _7th_ day of July, 2008

                      *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge